UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANITA EIERSTOCK and JOHN RAMOS,
on behalf of themselves, and on behalf of
all others similarly situated,

    Plaintiff,

v.                                                        Case No. 8:20-cv-0269-KKM-AEP

THE ADMINISTRATIVE COMMITTEE
OF DELTA AIRLINES, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Transfer (Doc. 17).[1] Defendant asks that this Court transfer the action to the United States District Court for the Northern District of Georgia because Defendant's principal place of business is in Atlanta, Georgia. Plaintiffs filed a notice withdrawing their opposition to transfer. (Doc. 89). Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to

---

[1] The Motion to Transfer Venue was made on behalf of Delta Airlines, not the Administrative Committee, prior to Plaintiffs filing an amended complaint naming the Administrative Committee as the defendant. (Docs. 17, 21). Because the changed defendant appears to merely be a misidentification of the proper entity to sue and the Administrative Committee has referred to the Motion to Transfer as its own, indeed seeking leave to file a reply in support of the motion after the change of defendant (Doc. 28), the Court construes the Motion to Transfer as a motion made on behalf of the Administrative Committee.

1

which all parties have consented." Because all parties have consented to transfer, Defendant's Motion to Transfer Venue is **GRANTED**. The Clerk is directed to **TRANSFER** this case to the Northern District of Georgia, Atlanta Division, for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**ORDERED** in Tampa, Florida, on May 5, 2021.

Kathryn Kimball Mizelle
United States District Judge